```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VINCENT OLIVA,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     14-CV-2513(JS)(GRB)

BROOKWOOD CORAM I, LLC, BROOKWOOD
MANAGEMENT COMPANY, STEVEN AUERBACK[1],
CEO, Owner, and NANCY AUERBACH,
a/k/a NANCY AUERBACH-KARWICK,
Owner,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:    Vincent Oliva, pro se
                  1408A Nottingham Place
                  Coram, NY 11727

For Defendants:   No appearances.
```

SEYBERT, District Judge:

On April 17, 2014, pro se plaintiff Vincent Oliva ("Plaintiff") filed a Complaint in this Court pursuant to, inter alia, the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"), and the New York State Human Rights Law, N.Y. EXEC. LAW 290 et seq., against Brookwood Coram I, LLC, Brookwood Management Company, Steven Auerbach, Nancy Auerbach a/k/a Nancy Auerbach-Karwick (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis and an application for the appointment of pro bono counsel to represent him in this case.

---

[1] Although Plaintiff spells this individual's surname as "Auerback" in the caption of the Complaint, Plaintiff spells it "Auerbach" in the body of the Complaint. For consistency, the Court will use the latter spelling.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

DISCUSSION

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major

2

> proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Notwithstanding the requirement that pleadings drafted by a pro se litigant, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming that Hodge's threshold requirement is satisfied, the record reflects that the legal issues presented are not unduly complex and that Plaintiff can adequately prosecute his claim pro se. Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. See 28 U.S.C. § 1654.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and his motion for the appointment of pro bono counsel is DENIED WITH LEAVE TO RENEW when

3

this case is ready for trial, if warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for purpose of an appeal. <u>Coppedge v. United States</u>, 269 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to forward copies of the Summonses, Complaint, and this Order to the United States Marshal Service for service upon the Defendants without prepayment of fees. Additionally, the Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> Plaintiff.

                                SO ORDERED.

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.

Dated: May   15  , 2014
      Central Islip, New York