UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
VINCENT OLIVA,

                                    Plaintiff,

               -against-

BROOKWOOD CORAM I, LLC,
BROOKWOOD MANAGEMENT CO.,
STEVEN AUERBACK, CEO/Owner, and
NANCY AUERBACH a/k/a NANCY
AUERBACH-KARWICK, Owner ,

                               Defendants.
--------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
14-CV-2513 (JMA) (AYS)

**AZRACK**, **United States District Judge:**

Pro se plaintiff Vincent Oliva initiated this action alleging discrimination in violation of the Fair Housing Act and various other federal and state laws.  (Compl., ECF No. 1.)  Judge Seybert granted his request to proceed in forma pauperis on May 15, 2014.  (Order, ECF No. 6.)  Oliva now requests that the Court waive fees he has accrued for accessing documents on the Public Access to Court Electronic Records ("PACER") system.  Because Oliva failed to pay such fees, his access to PACER was suspended and his account was referred to a collection agency.  Based on his claimed need to research other discrimination cases, Oliva requests that the Court waive the $59.60 in fees he has already incurred, reactivate his PACER account and direct PACER to waive all future fees.  Those requests are denied.

## I.     BACKGROUND

To ensure adequate funding for PACER, users are charged fees for accessing documents or performing other tasks on the system.  The applicable fees are set forth in a schedule issued by

the Judicial Conference of the United States. Electronic Public Access Fee Schedule (Dec. 1, 2013), https://www.pacer.gov/documents/epa_feesched.pdf (last visited Mar. 25, 2015) (hereinafter "Fee Schedule"). Generally, users are charged a usage fee of 10 cents per page (up to a maximum of 30 pages) for accessing dockets, case documents, transcripts or reports on PACER. Id. ¶¶ 1-2.

The usage fee is automatically waived for accessing (1) any judicial opinions, (2) any information or documents viewed at a courthouse public access terminal, and (3) one copy of most electronically filed documents in a case in which the user is a party. Id. ¶ 8. Moreover, fees are automatically excused for users who accrue fees totaling $15 or less in a quarterly billing cycle. Id.

In addition to those automatic fee waivers, courts have discretion to "exempt certain persons or classes of persons from payment of the user access fee." Id. ¶ 9. Under that provision, the Court can exempt those who are unable to pay the regular usage fee, including indigents, nonprofits, pro bono attorneys or researchers associated with educational institutions. Id.

## II. DISCUSSION

Oliva requests that the Court waive his past and future usage fees and direct PACER to reactive his account. Because those requests turn on the question of whether Oliva would be entitled to a discretionary exemption under the Fee Schedule, the Court considers them together.

In support of his requests, Oliva argues that he is unable to afford the regular fees and notes that he has been granted leave to proceed in forma pauperis. But "[a] party seeking a discretionary exemption cannot rely on his in forma pauperis status alone." In re Club Ventures

Investments LLC, 507 B.R. 91, 99 (S.D.N.Y. 2014) (quoting Mallgreen v. Parties in this Petition, No. 13-CV-3360 (S.D.N.Y. Aug. 1, 2013)). Rather, a party must demonstrate that an additional exemption "is necessary in order to avoid unreasonable burdens and to promote public access to information." Fee Schedule ¶ 9.

Oliva does not satisfy that standard. Under the automatic exemptions, Oliva has ample opportunity both to conduct research and monitor the developments in his litigation. Not only can he obtain a copy of documents filed in his case and judicial opinions without charge, but he may also freely peruse the entire PACER database using the public access terminals in the courthouse. Id. ¶ 8. Because Oliva does not explain how that level of access is insufficient for his purposes, he falls short of establishing that the regular usage fee constitutes an unreasonable burden. See Mallgreen, Slip Op. at 2 ("Without some explanation of how the automatic fee exemptions are insufficient for the Petitioner's purposes, he has failed to demonstrate that the PACER user fees are an unreasonable burden.").

Nor may Oliva end-run the unreasonable burden standard by claiming that the suspension of his account renders him unable to take advantage of the automatic exemptions. Access to PACER is a privilege, not a right. Users seeking to avail themselves of that privilege expressly "assume responsibility for all fees incurred" and are informed that service may be suspended if "the amount due is not paid by the due date." Polices & Procedures, https://www.pacer.gov/documents/pacer_policy.pdf (Aug. 18, 2014) (last visited Apr. 23, 2015). Since Oliva failed to honor his half of the bargain, his access to the PACER system was properly suspended.[1] Id.

---

[1] As noted above, Oliva is not entitled to a discretionary exemption under the Fee Schedule. Therefore, the Court need not consider whether it would be proper to waive past fees and direct an account to be reactivated where a party has established that he would have initially satisfied the standard for a discretionary exemption.

### III. CONCLUSION

For the reasons stated above, Oliva's requests are denied. The Court certifies pursuant to

28 U.S.C. § 1915 (a)(3) that any appeal from this order and judgment would not be taken in good

faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v.

United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff.

**SO ORDERED.**

Dated: April 30, 2015
Central Islip, New York                                          /s/ (JMA)

                                                    _____
                                                    Joan M. Azrack
                                                    United States District Judge