FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 28 2015 ★
LONG ISLAND OFFICE

December 27, 2015

Clerk of Court
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip. New York 11722

Re: Oliva v. Brookwood Coram I LLC (Case Number 14 cv 02513)

Dear Sir or Madam:

Please find enclosed for filling, plaintiff's declaration in response to counsel's motion to withdraw as counsel with certificate of service. Thank you. I remain,

Sincerely,

Vincent Oliva, *pro se*
1408A Nottingham Place
Coram, New York 11727
631-312-8830

RECEIVED DEC 28 2015 EDNY PRO SE OFFICE

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
ISLIP COURTHOUSE
-----------------------------------------------------------x
VINCENT OLIVA, *pro se,*

           Plaintiff,

BROOKWOOD CORAM I, LLC,
BROOKWOOD MANAGEMENT COMPANY,
S&N AUERBACH MANAGEMENT, INC.,
STEVEN AUERBACH, Owner,
NANCY AUERBACH, a/k/a
NANCY AUERBACH-KARWICK, Owner,

           Defendants.
-----------------------------------------------------------x

Civil Action
14 CV 2513 (JMA)(AYS)

DECLARATION

I, declare under the penalty of perjury the foregoing is true and correct. I make this declaration on personal knowledge, belief, and I am fully familiar with the facts stated herein and in response to counsel's request to withdraw from representing plaintiff because of indifferences of opinions Plaintiff argues as follows:

1. In this matter, there were no indifferences of opinion as declared by plaintiff's counsel. Rather, negligence and lack of representation.

2. On December 10, 2015, plaintiff met with council where council advised plaintiff that he can no longer represent plaintiff because he didn't have the resources and that he was going to withdraw and that he was appointed only for the injunction litigation. Council further stated, the case is complex with many issues.

3. Plaintiff by email on numerous occasions requested counsel to ask the court for an investigator, video expert and to execute *ad testificandum* subpoenas and included the witnesses names to give testimony at the injunction hearing which was vital to plaintiff's request for injunction. The court needed to hear the testimony of certain witnesses to

1

render a fair determination at the injunction hearing. Counsel failed to do so.

4. Plaintiff has a laundry list of emails sent to counsel regarding witnesses and suggestions for defense at the injunction hearing and would provide such upon the court's request.

5. Plaintiff provided counsel with an affidavit from a neighbor who painted plaintiff and his wife in a different vein contrary to statements made by Steven Auerbach, Avellino, and Brian Nizzi. Counsel again failed to submit this affidavit to the court.

6. Plaintiff on numerous occasions asked counsel why didn't he submit the affidavit from the neighbor. No response from counsel and this Court was not aware of this affidavit. In all fairness, this is not differences of opinion. Rather, ineffectiveness and negligence of council which goes to the heart of plaintiff's 5th & 6th amendment rights.

7. Counsel numerous times suggested plaintiff should settle the case and move on. That's not representation by counsel but a rush to judgment without any effort. In other words, take the money and run and no effort by counsel and the case is over. Plaintiff did not trust counsel's on going suggestion to settle the case. Plaintiff is mentally disabled and is not an attorney, but certainly not a fool and acknowledged that something is not right with counsel's representation of plaintiff.

8. Plaintiff provided counsel with a video of common areas of four (4) surrounding buildings of common area shrubbery. Not one area depicted any flowers planted by any tenants other than the Avellino's. Tenants are aware not to plant flowers as it is a violation of the lease as stated on page two (2) of the lease. Counsel did not defend that argument and believes he should of.

9. Avellino has a dog that barks day and night. Counsel was aware of this and did

2

nothing. No evidence that the Avellino dog is a service animal or companion. Lease depicts no dogs permitted, yet Avellino has a dog and counsel did nothing to argue this point.

10. Avellino installed a camera on the building structure in violation of the lease to record plaintiff and his wife movements. Counsel was aware of this and did nothing. There was no evidence offered that permitted Avellino to install and use the camera. Again, plaintiff believes there are no other tenants with a camera in the surrounding area.

## PLAINTIFF REQUESTS APPOINTMENT OF COUNSEL TO PROTECT HIS RIGHTS

11. Plaintiff is not being represented by counsel because of his negligence and requests this Court to issue an order relieving counsel and appoint plaintiff another counsel to protect his rights and make sure that defendants attorneys do not take advantage of plaintiff's *pro se* status and mental disability, or grant plaintiff such other and further relief this Court seems just and proper.

Respectfully submitted,

*/s/ Vincent Oliva*

Vincent Oliva, *pro se*
1408A Nottingham Place
Coram, New York 11727
631-312-8830

I declare under the penalty of perjury the foregoing is true and correct.

Executed on December 27, 2015.

Civil Case No 14 CV 02513 (JMA)(AYS)

## **CERTIFICATE OF SERVICE**

I, Vincent Oliva hereby swear under the penalty of perjury that on the 27th day of December, 2015, I caused a true and correct copy of the enclosed RESPONSE TO COUNSE"S REQUEST TO WITHDRAW AS COUNSEL to be served in accordance with the Federal Rules of Civil Procedure, and the Eastern District's Local Rules, via United States Postal Service prepaid 1st Class Mail upon:

| | |
|---|---|
| Timothy Domanick | Henry Law Group |
| Jackson Lewis P.C. | 1597 Grand Avenue |
| 58 South Service Road, | Baldwin, New York 11510 |
| Suite 250 | 516-366-4367 |
| Melville, New York 11747 | |
| (631) 247-0404 | |

Sworn to before me

27th day of December, 2015.

_____  _____
Notary Public            Vincent Oliva

SARAH LAWRENSON
Notary Public, State of New York
No. 01LA6318158
Qualified in Suffolk County
Commission Expires 1/20/2019

4