**FILED**
**CLERK**
6/30/2016 4:28 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

VINCENT OLIVA,

        Plaintiff,

    -against-

BROOKWOOD CORAM I, LLC,
BROOKWOOD MANAGEMENT COMPANY,
S&N AUERBACH MANAGEMENT, INC.,
STEVEN AUERBACH, Owner, NANCY
AUERBACH, a/k/a NANCY AUERBACH-
KARWICK, Owner,

        Defendants.
----------------------------------------------------------------------------X

**ORDER**
14–CV–2513 (JMA)(AYS)

**AZRACK, United States District Judge:**

    Before the Court are objections submitted by pro se plaintiff Vincent Oliva to Magistrate Judge Shields's Report and Recommendation ("R & R") recommending that the Court deny the motion for preliminary relief. Plaintiff timely objected to the R & R. Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts Judge Shields's Report and Recommendation in its entirety and denies plaintiff's motion for preliminary relief.

    In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the R & R to which there is no specific reasoned objection are

reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

Construing the pro se plaintiff's objections liberally, plaintiff disputes at least six of Judge Shields's recommendations, arguing: (1) defendants violated 42 U.S.C. § 1437a; (2) plaintiff has met the burden for issuance of preliminary injunctive relief; (3) plaintiff will suffer irreparable harm without preliminary injunctive relief; (4) defendants did not consider a reasonable alternative under the Fair Housing Act; (5) alleged negligence by plaintiff's pro bono counsel at the preliminary injunction hearing deprived plaintiff of his procedural due process protections; and (6) the court relied on untrustworthy information in making its determination on plaintiff's request for preliminary injunctive relief. The Court considers each of plaintiff's objections de novo.[1]

Upon a de novo review of the record and Judge Shields's well-reasoned Report and Recommendation, the court affirms and adopts the Report and Recommendation in its entirety as the opinion of the court.

Temporary restraining orders and preliminary injunctions are extraordinary remedies that will not be granted lightly. Borey v. National Union Fire Ins. Co., 934 F.2d 30, 33 (2d Cir.1991). Relief will be granted only upon a showing of: (1) irreparable harm, and (2) either: (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in favor of the moving party. Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund, Ltd., 598 F.3d 30, 35 (2d Cir. 2010).

For the reasons set forth in the R & R, plaintiff has failed to show a threat of irreparable harm in the absence of preliminary injunctive relief. Plaintiff argues that "the threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the

---

[1] The court has reviewed the remainder of Judge Shields's recommendations (to which plaintiff did not object) for clear error, and finding none, adopts those findings.

first prong of the test for preliminary relief." As explained in the R & R, because plaintiff is not now facing any realistic prospect of homelessness sufficient to demonstrate irreparable harm necessary to support an order of preliminary injunctive relief, plaintiff cannot show irreparable harm at this time.

Even if plaintiff faced irreparable harm, which he does not, the Court would deny injunctive relief. For the reasons set forth in the R & R, plaintiff fails to show a likelihood of success in showing discriminatory intent or an entitlement to remain in his present rental unit indefinitely.

Plaintiff claims that he has been discriminated against on account of his disability. Plaintiff seeks the right to an open-ended Section 8 lease in his current apartment. However, for the reasons explained in the R & R, the Court finds that it is unlikely that plaintiff will be able to show that defendants' effort to evict him was a result of his disability, as opposed to pursuant to grounds specifically allowed under the Section 8 program.

Plaintiff's arguments that defendants violated 42 U.S.C. § 1437a, that defendants did not consider a reasonable alternative under the Fair Housing Act, that plaintiff's counsel acted negligently, or that Magistrate Judge Shields relied on untrustworthy information in making the report and recommendation do not change this Court's determination that plaintiff is unlikely to succeed in proving discrimination. None of plaintiff's arguments address the well-reasoned analysis in the R & R regarding the difficulty plaintiff faces in proving the effort by defendants' to evict him were based upon his disability.

Therefore the Court denies plaintiff's request for a preliminary injunction. For the reasons set forth above, the Court adopts Judge Shields's Report and Recommendation in its entirety and denies plaintiff's motion for preliminary relief.

**SO ORDERED.**

Dated: June 30, 2016
Central Islip, New York

                                                    /s/     JMA
                                    JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE