```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCENT OLIVA,
```

|  |  |
|---|---|
| Plaintiff, | **SUA SPONTE REPORT & RECOMENDATION** <br> CV-14-2513 (JMA) (AYS) |

```
             - against -

BROOKWOOD CORAM I, LLC,
BROOKWOOD MANAGEMENT COMPANY,
S&N AUERBACH MANAGEMENT, INC.,
BROOKWOOD TOWNHOUSES, CAMP BIRD,
BROOKWOOD AT RIDGE, BROOKWOOD ON
THE LAKE, STEVEN AUERBACK, Owner, and
NANCY AUERBACH, a/k/a
NANCY AUERBACH-KARWICK, Owner

                       Defendants.
------------------------------------------------------------------X
```

**ANNE Y. SHIELDS, United States Magistrate Judge:**

This case was commenced by pro se Plaintiff Vincent Oliva ("Plaintiff") against Defendants Brookwood Coram I, LLC, Brookwood Management Company, S&N Auerbach Management, Inc., Brookwood Townhouses, Camp Bird, Brookwood at Ridge, Brookwood on the Lake, Steven Auerback, Owner, and Nancy Auerbach, a/k/a Nancy Auerbach-Karwick, Owner (collectively "Defendants") alleging unlawful conduct with respect to the tenancy of Plaintiff. Briefly stated, Defendants are alleged to have discriminated against Plaintiff and failed to accommodate his needs, by depriving him of the ability to remain as a tenant in his present rental unit. Plaintiff alleges that he is entitled to remain in that unit as a tenant pursuant to the Housing Choice Voucher program under Section 8 of the United States Housing Act of 1937 (the "Section 8" Program). Under that program, Plaintiff pays a portion of his rent, and the remainder

1

is subsidized by a governmental assistance payment. For the reasons set forth below, this Court respectfully recommends that this case be administratively closed pending Plaintiff's notification to the Court that he is well enough to procced with the prosecution of his case.

## BACKGROUND

This case was commenced on April 17, 2014 and a review of the docket indicates that this matter has had an extensive litigation history although discovery has only finally commenced this year. The court provides a brief snapshot of the docket in this matter:

- September 23, 2014, the case was stayed pending the disposition of state-court and administrative hearings;

- May 4, 2015, Plaintiff moved for an Order to Show Cause for preliminary injunctive relief and a conference was held and briefing schedule issued for the preliminary injunction motion;

- May 28, 2015, the Court granted Plaintiff's motion to appoint counsel and Plaintiff was appointed pro bono counsel;

- November 30, 2015 this Court recommended denying Plaintiff's motion for a temporary restraining order and a preliminary injunction, which the District Court adopted on June 30, 2016;

- December 22, 2015, Plaintiff's pro bono counsel moved to be relieved as counsel, which the Court granted on January 5, 2016;

- July 1, 2016, Plaintiff appeals the adoption of this Court's Report and Recommendation denying Plaintiff's motion for preliminary relief;

- January 24, 2017, Plaintiff's appeal is denied;

- February 21, 2017, Plaintiff moved to amend the Complaint and for appointment of counsel;

- March 29, 2017, a conference is held at which time Plaintiff is directed to make his application for counsel to the District Court and following a determination upon Plaintiff's motion, a briefing schedule for Plaintiff's motion to amend would be entered;

- June 1, 2017, Plaintiff's motion to appoint counsel is denied without prejudice to renewal once the case is ready for trial and a briefing schedule for Plaintiff's motion to amend is entered;

- October 19, 2017, Plaintiff's motion to amend the Complaint is granted;

- April 23, 2018, a discovery conference was held and a discovery Schedule entered.

## PRESENT ISSUE

On August 31, 2018, Defendants advised this Court that pursuant to the April 23, 2018 Discovery Schedule, the parties were required to serve their respective Rule 26 Initial Disclosures by June 22, 2018 and to date Plaintiff had yet to do so. Defendants also stated that Plaintiff's responses to Defendants' first set of discovery demands were due on July 21, 2018, and Plaintiff had yet to serve any of his responses. See Docket Entry ("DE") [103]. Defendants further advised this Court that on July 30, 2018 they contacted Plaintiff and were advised by Plaintiff that he was undergoing medical treatment in connection with his cancer diagnosis, and was not in "any shape to do or answer anything," and requested Defendants' understanding. Id. Defendants responded that they would grant Plaintiff an extension to respond to discovery to August 21, 2018, and suggested Plaintiff notify the Court if his health condition would prevent

him from litigating the case. Id. On August 27, 2018, after not receiving any communication from Plaintiff, Defendants followed up with an email to which Plaintiff replied, "Sorry Im [sic] now using Sloan Kettering and I'm sick as a dog." Id.

On October 5, 2018, Defendants again notified this Court that since their August 31, 2018 letter, they had continued to attempt to communicate with Plaintiff to no avail and that Plaintiff had still not provided any discovery responses. DE [104]. On October 3, 2018 Plaintiff finally responded to Defendants, stating:

> I'm writing to you very sick from chemo-cisplatin and Gem something or another. I have been getting once a week chemo treatments and will continue treatments until December 24, 2018, I don't know what's next after treatments. I might have to go for resection of the bladder. That's all I know. So I ask you to please be compassionate toward my health issue and understand I'm a very sick man. Thank you.

Id.

Both Defendants' August 31, 2018 and October 5, 2018 letters state their sympathies for Plaintiff and ask the Court for assistance with how to proceed given that this litigation has been going on for over four years and Plaintiff's current inability to participate in discovery and litigate his case.

After considering whether prejudice to the parties would likely to result if discovery is allowed to continue during this period, as well as balancing the Court's interest in managing its docket against Plaintiff's interest in receiving an opportunity to be heard, this Court concludes that the fairest and most efficient resolution is to administratively close this case until Plaintiff can proceed. As noted above, this case has a lengthy history and after four years is only at the initial stages of discovery. To allow the case to remain active during this period has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs

4

and burdens incidental to defending civil litigation, as well as the Plaintiff himself, who cannot actively participate in the prosecution of his case. Here, the pertinent facts weigh in favor of administratively closing this case until such time that Plaintiff notifies the Court that he can again actively participate in this litigation.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be administratively closed until such time that Plaintiff notifies the Court that he can actively participate in this litigation.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel and mailed to Plaintiff at his last known address(es). Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

5

Dated: Central Islip, New York  
       October 25, 2018                                      /s/      Anne. Y. Shields  
                                                                      Anne Y. Shields  
                                                                      United States Magistrate Judge