```
                                                                    FILED
                                                                    CLERK
                                            11/28/2018 12:32 pm
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X
VINCENT OLIVA,

                Plaintiff,

     -against-

BROOKWOOD CORAM I, LLC,
BROOKWOOD MANAGEMENT COMPANY,
S&N AUERBACH MANGEMENT, INC.,
BROOKWOOD TOWNHOUSES, CAMP BIRD,
BROOKWOOD AT RIDGE, BROOKWOOD ON
THE LAKE, STEVEN AUERBACK, Owner, and
NANCY AUERBACH, a/k/a NANCY
AUERBACH-KARWICK, Owner,

                Defendants.
─────────────────────────────────────────X

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE
For Online Publication Only

**ORDER**
14-CV-2513 (JMA) (AYS)

**AZRACK, United States District Judge:**

    *Pro se* plaintiff Vincent Oliva commenced this action against defendants alleging unlawful conduct with respect to the tenancy of plaintiff. On August 31, 2018, defendants filed a Status Report, advising the Court of deficiencies in plaintiff's discovery responses and indicating that in response to their inquiries, plaintiff said he was not in "any shape to do or answer anything" with respect to these deficiencies due to treatment in connection with his cancer diagnosis. (See ECF No. 103.) Defendants provided another update to the Court on October 5, 2018 advising that plaintiff still had not provided any discovery responses and including the only response they received from the plaintiff in which he stated that he was very ill and still undergoing cancer treatment. In this letter, the defendants asked the Court how to proceed, given plaintiff's inability to participate in discovery and litigate his case.

    On October 25, 2018, Judge Shields issued a *sua sponte* R&R recommending that this action be administratively closed until such time that plaintiff notifies the Court that he can actively

1

participate in this litigation. On November 6, 2018, defendants filed objections to Judge Shield's R&R. Having conducted a review of the full record and the applicable law, I adopt Shield's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a *de novo* review of the record, the R&R, and the instant objections, and I agree with Judge Shield's comprehensive and well-reasoned R&R. Accordingly, the Court orders that this action be administratively closed until such time that plaintiff notifies the Court that he can actively participate in this litigation. Plaintiff is directed to file a status report with the Court by May 28, 2019.

Given the administrative closure of the case, plaintiff's letter motion to reconsider the appointment of counsel (ECF No. 102) is denied.

The Clerk of Court is directed to mail a copy of this order to the *pro se* plaintiff.

**SO ORDERED.**

Dated: November 28, 2018
Central Islip, New York

              /s/ (JMA)
            JOAN M. AZRACK
            UNITED STATES DISTRICT JUDGE