UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────X
VINCENT OLIVA,

                     Plaintiff,

    -against-

BROOKWOOD CORAM I, LLC,
BROOKWOOD MANAGEMENT COMPANY,
S&N AUERBACH MANGEMENT, INC.,
BROOKWOOD TOWNHOUSES, CAMP BIRD,
BROOKWOOD AT RIDGE, BROOKWOOD ON
THE LAKE, STEVEN AUERBACK, Owner, and
NANCY AUERBACH, a/k/a NANCY
AUERBACH-KARWICK, Owner,

                     Defendants.
───────────────────────────────X
VINCENT OLIVA,

                     Plaintiff,

    -against-

FAIRFIELD PROPERTIES,

                     Defendant.
───────────────────────────────X

For Online Publication Only

**ORDER**

14-CV-2513 (JMA) (AYS)

**FILED**
**CLERK**
11/15/2019 5:04 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

19-CV-4245 (JMA) (AYS)

**AZRACK, United States District Judge:**

On April 17, 2014, *pro se* plaintiff Vincent Oliva (the "Plaintiff") commenced the action numbered 14-CV-2513 (JMA) (AYS) (the "Brookwood Action") against Brookwood Coram I, LLC, Brookwood Management Company, S&N Auerbach Management, Inc., Brookwood Townhouses, Camp Bird, Brookwood at Ridge, Brookwood on the Lake, Steven Auerback, Owner, and Nancy Auerbach, a/k/a Nancy Auerbach-Karwick, Owner (collectively the "Brookwood Defendants") alleging unlawful conduct with respect to the tenancy of Plaintiff.

Based on Plaintiff's failure, due to apparent health challenges, to actively prosecute the

Brookwood Action (including refusing to comply with discovery deadlines set by the Court and failing to communicate with the Court), on October 25, 2018, Judge Shields issued a *sua sponte* R&R recommending that the case be administratively closed until such time that Plaintiff notified the Court that he could actively participate in this litigation. Oliva v. Brookwood Coram I, LLC, et al., No. 14-CV-2513, 2018 WL 6204614 (E.D.N.Y. Oct. 25, 2018). Plaintiff did not file anything in response to Judge Shields' R&R. Accordingly, on November 28, 2018, the Court adopted Judge Shields' R&R as the opinion of the Court, administratively closed the case, and directed Plaintiff to file a status report by May 28, 2019. Oliva v. Brookwood Coram I, LLC, et al., No. 14-CV-2513, 2018 WL 6201710 (E.D.N.Y. Nov. 28, 2018) (adopting report and recommendation).

May 28, 2019 passed without any communication from the Plaintiff. Indeed, Plaintiff did not communicate with the Court again until July 11, 2019, when he requested that the Court reopen his case because he believed he was now in fair enough health to prosecute the case. (See Brookwood Action, ECF No. 109.) The Brookwood Defendants did not oppose Plaintiff's request. Accordingly, the Court granted Plaintiff's unopposed letter motion and reopened the case, but included in its Order a warning that Plaintiff must actively participate in the prosecution of the Brookwood Action and comply with all Court orders:

> While the Court is mindful of, and sympathetic to, Plaintiff's reported health challenges, the Court reminds Plaintiff that he initiated this action and must actively participate in the prosecution of this case moving forward. As such, to the extent Plaintiff's health prevents him from complying with any Court orders, Plaintiff must explain any such non-compliance in writing to the Court (including making written requests to extend deadlines or adjourn conferences in advance of such deadlines or conferences). The Court will do its best to make accommodations for Plaintiff, but may request documentation from medical professionals substantiating any health issues Plaintiff cites to explain his non-compliance with Court orders. Plaintiff is warned that, should he fail to properly comply with this Court's orders, this case may be dismissed for failure to prosecute.

(Brookwood Action, Electronic Order, Aug. 12, 2019).

The Court re-referred discovery to Judge Shields who directed the parties to meet and confer and submit a proposed discovery schedule. The Brookwood Defendants provided a proposed schedule but indicated they were unable to get in touch with Plaintiff to obtain his consent. (Brookwood Action, ECF No. 112.) Accordingly, Judge Shields issued the following Status Report Order:

> A review of the docket indicates that Plaintiff has failed to confer with Defendants regarding a proposed discovery schedule as directed to do so by this Court. Defendants document two (2) attempts to communicate with Plaintiff before this Court's submission deadline. Defendants' documented attempts were made via the email provided by Plaintiff and by UPS delivery, both without success. Accordingly, by October 1, 2019, Plaintiff is directed to submit a letter on the docket advising this Court of his correct email address and mailing address. Plaintiff is cautioned that failure to communicate with this Court by October 1, 2019 may result in a recommendation to the District Court that this case be dismissed with prejudice for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

(Brookwood Action, Electronic Order, Sept. 19, 2019.) Plaintiff failed to respond to this Status Report Order. The Brookwood Defendants then filed a letter motion requesting that the Court dismiss the Brookwood Action for failure to prosecute. (Brookwood Action, ECF No. 114.) To date, Plaintiff has not responded to the Status Report Order or Brookwood Defendants' letter motion, nor has he otherwise communicated with the Court regarding the Brookwood Action.

Furthermore, on July 23, 2019, shortly after Plaintiff requested to reopen the Brookwood Action, Plaintiff filed the action numbered 19-CV-4245 (JMA) (AYS) against Fairfield Properties alleging similar concerns about his tenancy (the "Fairfield Action"). The Court granted Plaintiff's application to proceed *in forma pauperis* for the limited purpose of addressing his motion for a preliminary injunction and directed Fairfield Properties to respond to Plaintiff's Order to Show Cause. Fairfield Properties then filed a letter motion for a pre-motion conference seeking to dismiss the Complaint. (Fairfield Action, ECF No. 9.) Plaintiff failed to respond to the pre-motion conference letter so the Court issued the following Scheduling Order:

3

> On September 10, 2019, defendant filed a letter requesting a pre-motion conference concerning a proposed motion to dismiss. My individual rules require parties to respond to pre-motion conference letters within seven days. If plaintiff still intends to prosecute this lawsuit, he must, by October 11, 2019, either (1) file his opposition to defendant's pre-motion conference letter, or (2) indicate by letter to the Court that plaintiff does not wish to file an opposition but still intends to prosecute this lawsuit. Failure to respond to this Order may result in the dismissal of this action for failure to prosecute.

(Fairfield Action, Electronic Order, Sept. 27, 2019). To date, Plaintiff has not responded to the Court's Order or otherwise communicated with the Court regarding the Fairfield Action.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case *sua sponte* for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.3d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Here, Plaintiff has received ample warning that failure to comply with Court orders and actively prosecute his cases could lead to dismissal for failure to prosecution. In fall of 2018, the Court balanced the burdens of a delay on the Court and the Brookwood Defendants with Plaintiff's professed health issues and effectively granted Plaintiff a six-month stay in the Brookwood Action. However, after the Court permitted Plaintiff to reinstate the case well after the deadline for Plaintiff to file a status report, Plaintiff immediately disappeared, failed to meet and confer with the

Brookwood Defendants, and failed to comply with multiple Court orders.  Accordingly, the Court now dismisses the Brookwood Action for failure to prosecute and noncompliance.

The Court also dismisses the Fairfield Action for failure to prosecute and noncompliance. Though the Fairfield Action has not been pending for five years, Plaintiff failed to comply with this Court's September 27, 2019 Order and will not be granted additional leeway in the Fairfield Action simply because it is a newer case.  Based on Plaintiff's failure to comply with the September 27, 2019 Order, together with his prior actions, the Court finds it necessary and appropriate to dismiss the Fairfield Action for failure to prosecute and noncompliance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis* status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close both the Brookwood Action and the Fairfield Action and to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED.**

Dated: November 15, 2019
Central Islip, New York

                   _____/s/  (JMA)_____
                   JOAN M. AZRACK
                   UNITED STATES DISTRICT JUDGE